UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x
:
Mascelus Houston,                              :  **FLSA COLLECTIVE ACTION**
                                               :  **and RULE 23 CLASS ACTION**
           *Plaintiff,*      :  **COMPLAINT**
                                               :
- against -                                    :
                                               :
SSP America, Inc.; and                         :
SSP America KCGI JFK T7 LLC,                   :
                                               :
           *Defendants.*    :
———————————————————————— x

Plaintiff Mascelus Houston ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his attorney(s), brings this Complaint against SSP America, Inc. and SSP America KCGI JFK T7, LLC (collectively "Defendants"), and alleges upon personal knowledge as to himself and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that due to a practice of time shaving which included requiring their employees to work through their meal breaks, Defendants failed to pay Plaintiff and a proposed class of others similarly situated, who worked as food service workers at Defendants' airport food courts and in other hospitality roles in New York State overtime pay of time and one-half for hours worked in excess of forty hours per week and failed to pay them the required minimum wage for all hours worked. Plaintiff and a proposed class are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) liquidated damages on those amounts; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation due to time shaving; (2) unpaid uniform maintenance pay; (3) uniform purchase costs; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. Plaintiff also seeks remedies for Defendants' failure to address workplace harassment and a hostile workplace, noncompliance with employee protections under state law, and wrongful termination by retaliation after Plaintiff reported physical threats to himself from another coworker.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of state of New York while Defendants are citizens of the state of Virginia because they have their principal executive offices in that state.

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

7. Plaintiff is an adult residing in New York County, New York. During his employment with Defendants, Plaintiff worked as a line cook at a food court at JFK Airport's Terminal 7.

8. Defendant SSP America KCGI JFK T7, LLC is a foreign limited liability company formed under the laws of the State of California with its service of process address located at 28 Liberty Street, New York, NY 10005. SSP America KCGI JFK T7, LLC with an address of 20408 Bashan Dr., Suite 300, Ashburn, VA 20147 is the employer entity listed on Plaintiff's pay stubs.

9. Defendant SSP America, Inc. is a foreign business corporation formed under the laws of the State of California with its principal executive offices located at 20408 Bashan Dr., Suite 300, Ashburn, VA 20147 and its services of process located at 28 Liberty Street, New York, NY 10005. Upon information and belief, SSP America, Inc. is the parent company of SSP America KCGI JFK T7, LLC.

10. The New York Unemployment "Record of Employment" document Defendants provided to Plaintiff lists "SSP America" as Plaintiff's employer and states that payroll records are kept at "SSP America Corporate" located at 20408 Bashan Dr., Suite 300, Ashburn, VA 20147.

11. Defendants comprise a "single employer" or "single integrated enterprise" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

12. Defendants employ a workforce subject to the provisions of the NYLL.

13. Defendants are considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

14. Defendants maintained control, oversight, and direction over Plaintiff and the Proposed Class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

15. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, are considered an employer under the NYLL.

16. Defendants apply the same employment policies, practices, and procedures to all its non-exempt workers, including to Plaintiff and the other workers in the airport food court where Plaintiff worked.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendants employed at airports in food service or hospitality roles located in New York State for the three-year period prior to the filing of the complaint.

18. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than two hundred (200) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

19. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

20. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

    f. Whether the Defendants failed to pay Plaintiff and the Collective Action Members at the overtime rate of time and one-half for hours worked in excess of 40 hours per workweek due to a practice of time-shaving.

    g. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked due to a practice of time-shaving.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

24. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

25. Plaintiff seeks to represent a class of similarly situated hourly employees who:

> All current and former hourly employees of Defendants employed at airports in food service or hospitality roles located in New York State for the six-year period prior to the filing of the complaint.

26. The Class Period begins six (6) years before the filing of this action and continues through the date of certification.

27. Class members number in the hundreds, making joinder impracticable. Common questions of law and fact predominate, including:

    a) Whether Defendants required a uniform?

    b) How many of each uniform were provided?

    c) Whether Defendants laundered or offered to launder the required uniforms?

    d) Whether Defendants provided non-slip shoes or other uniform items to the employee and then deducted their costs from the employee's pay?

    e) Whether the Defendants paid the employee in full for all of their hours when they arrived before the scheduled start of their shift and stayed late after the scheduled end of their shift?

    f) Whether Defendants improperly deducted meal breaks from the employee's pay when they were unable to take a meal break?

    g) What wage notices and wage statements were provided to the employee?

    h) What was the employer's purpose in providing notice and wage statements in the manner it did?

    i) Whether Defendants violated NYLL by failing to provide accurate wage statements.

    j) Whether Defendants inadequately addressed workplace harassment and complaints.

## STATEMENT OF FACTS

28. Plaintiff pleads the below facts according to his best recollection. Plaintiff reserves the right to amend these pleadings upon receiving discovery from Defendants, including payroll records that Defendants are required to retain under the NYCRR.

29. Upon information and belief, the below facts are consistent among Plaintiff and the Proposed Collective and Rule 23 Class.

30. Plaintiff began working for Defendants as a line cook from in or around April 2023 until in or around October 17, 2024.

31. Plaintiff worked for Defendants at JFK Airport's Terminal 7 in a food court area at a restaurant called True Burger.

32. Plaintiff worked for Defendants full time and was paid $21.90 on an hourly basis, paid weekly.

33. When Plaintiff was hired, he was told he would have a porter working with him and assisting him, but Defendants frequently failed to provide a porter and forced Plaintiff to work his station by himself.

34. Defendants were often short-staffed and their work demands required Plaintiff to work overtime hours in excess of 40 hours per week.

35. Defendants either instructed Plaintiff to clock out for 30 min meal breaks or manually clocked him out.

36. Despite requiring Plaintiff to clock out for 30 min meal breaks during his shifts, more than half the time, approximately three times per week on average, Plaintiff was not permitted to take an uninterrupted 30 min meal break. Instead, Defendants required Plaintiff to work through his meal breaks due to work demands.

37. In addition, Defendants permitted Plaintiff and his coworkers to take two 15 minute breaks in addition to their 30 minute meal break, but these 15 minute breaks were often shortened to 10 minute breaks.

38. Due to working long shifts on their feet without meal breaks, Plaintiff and his coworkers found the job conditions to be physically demanding and stressful. In fact, one of Plaintiff's coworkers, another line cook named Damien (last name unknown), passed out during his work shift and lost consciousness due to overwork and lack of breaks.

39. When Plaintiff began working for Defendants, the hiring manager at that location, provided him with two black and white short sleeved shirts bearing Defendants' logo and was

told that he had to wear the uniform every day.

40. Despite Plaintiff working 5 days per week, Defendants never provided him with more than two uniforms, an amount insufficient to cover the number shifts per week that he worked.

41. Defendants required Plaintiff to wear the uniform to work in a clean condition to work every day, and Plaintiff did in fact wear the uniform shirt to work every day.

42. Defendants never paid Plaintiff any uniform maintenance pay and did not launder, or offer to launder his required uniforms.

43. Defendants also provided Plaintiff with non-slip shoes at the beginning of his employment which cost approximately 30 to 40 dollars.

44. Defendants informed Plaintiff that the cost of those non-slip shoes would be deducted from his pay.

45. It is Plaintiff's understanding that the cost of these required uniform shoes was deducted from more than one of his pay checks.

46. In or around mid September 2024, shortly after Defendants hired Damien (last name unknown) as a line cook, Damien threatened Plaintiff physically, calling him the n-word and threatening to spit in his face.

47. Plaintiff is of Black Caribbean and Indian descent and has dark skin.

48. Upon information and belief, Damien is of Hispanic or African American descent and is light-skinned.

49. In or around Mid September 2024, soon after being threatened by Damien and being called the n-word, Plaintiff reported the incident to the cooking manager, Denise (last name unknown).

50. Denise brought both Plaintiff and Damien into her office at which time Damien

denied threatening to spit in Plaintiff's face.

51. Upon information and belief, Defendants took no further action.

52. Damien continued to threaten to spit in Plaintiff's face, leading Plaintiff to believe that he was physically unsafe while at work and that Damien would physically assault him.

53. Damien also began calling Plaintiff on his phone after work hours to say "Yo, I meant what I said to you, I'm going to spit in your face."

54. On or around October 14, 2024, Plaintiff wrote a statement detailing Damien's ongoing threats and provided it to one of Defendants managers named Joy (last name unknown).

55. Plaintiff also discussed the ongoing harassment and the fact that Defendants never provided him with a copy of his statement with his union representative Lopez (first name unknown), who only told Plaintiff that he should have taken a picture of his statement before handing it over.

56. On October 17, 2024, just three days after making a second complaint against Damien and fearing for his safety, Defendants terminated Plaintiff's employment in retaliatory fashion.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime and Minimum Wage Due to Time Shaving

*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

57. Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

58. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed Collective are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

60. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

61. Plaintiff was entitled to be paid in full for all hours worked and paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. As a result of improperly deducting meal breaks that Plaintiffs were unable to take during weeks in which he worked over 40 hours, Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

62. At all relevant times, as a result of its policy of automatically deducting 30 min meal breaks that Plaintiff was unable to take, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs.

64. Defendants have failed to make, keep and preserve records with respect to each

of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

66. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

67. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b)

## COUNT II: NYLL - Uniform Maintenance Pay

*Brought on behalf of Plaintiff and the Rule 23 Class*

69. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

70. Defendants required Plaintiff and the Class to wear a uniform consisting of a shirt emblazoned with Defendants' logo and non-slip shoes.

71. Plaintiff's and the Class's uniforms were issued by Defendants for the expressed benefit of Defendants and it was a condition of their employment to wear them during each shift.

72. Defendants never paid Plaintiff any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

73. Defendants failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and the Class.

74. Defendants did not, and did not offer, to, wash, clean, alter, repair, or perform other maintenance necessary for Plaintiff's or the Class's required uniform.

75. Defendants did not maintain Plaintiff's or the Class's required uniform under the meaning of the New York Labor Law.

76. Defendants did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or the Class in writing of such service.

77. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendants required.

78. Defendants never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms nor did they provide them in sufficient number to cover all workshifts of in accordance with 12 N.Y.C.R.R. § 146-1.7.

79. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 146 the Minimum Wage Order.

### COUNT III: NYLL - Uniform Purchase Cost

*Brought on behalf of Plaintiff and the Rule 23 Class*

80. Plaintiff allege and re-alleges all of the other paragraphs contained herein.

81. Defendants non-slip shoes to Plaintiff and the Class and then deducted their cost from Plaintiff's and the Class's pay.

82. By charging Plaintiff and the Proposed Class for the costs of required uniform, Defendants have violated § 146-1.8(a) of the Hospitality Industry Wage Order, which states:

> "When an employee purchases a required uniform, he or she shall be reimbursed by the employer for the total cost of the uniform no later than the next payday."

83. Plaintiff and the Class are entitled to recover from Defendants all amounts they paid for the cost of required work shoes.

### COUNT IV: NYLL - Unpaid Minimum Wage and Overtime Due to Time Shaving

*Brought on behalf of Plaintiff and the Rule 23 Class*

84. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

85. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

86. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay them minimum wage for all hours worked through a practice of time shaving.

87. Defendants knowingly and willfully violated the rights of Plaintiff and the Proposed Class by deducting 30 minute meal breaks that Plaintiff and the Proposed Class were unable to take.

88. Defendants failed to properly disclose or apprise Plaintiff of their rights under the New York Labor Law.

89. Due to the Defendants' New York Labor Law violations, Plaintiff and the Proposed Class are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

### COUNT V: NYLL - Failure to Provide Compliant Wage Notices and Periodic Wage Statements

### *Brought on behalf of Plaintiff and the Rule 23 Class*

90. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

91. Defendants have willfully failed to supply Plaintiff with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

92. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

93. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94. Through their knowing or intentional failure to provide Plaintiff with the accurate

wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

95. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT VI: NYLL - Retaliatory Termination
*Brought by Plaintiff Individually*

96. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of the Complaint as if fully set forth herein.

97. Defendants unlawfully terminated Plaintiff for reporting workplace harassment, in violation of NYLL protections against retaliation.

98. As a direct and proximate result of Defendants' unlawful retaliation in violation of NYLL § 215 (1)(a) and NYLL § 215(2)(a), Plaintiff has suffered and continues to suffer mental anguish, emotional distress, loss of enjoyment of life, damages to her reputation, loss of job security, loss of employment, and loss of wages, incurring damages thereby.

99. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the, for which Plaintiff is entitled to an award liquidated damages and punitive damages.

### COUNT VII: NYLL - Hostile Work Environment
*Brought by Plaintiff Individually*

100. Defendant's failure to address workplace harassment created a hostile environment on the basis of Plaintiff's race, causing emotional distress and loss of income.

101. Plaintiff was repeatedly threatened with assault by a coworker in the workplace and called a racial slur.

102. Plaintiff reported his coworker's harassment to Defendants on at least two occasions, but they failed to take appropriate action.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Rule 23 Class members, respectfully request that this Court grant the following relief:

   i. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, to the Proposed FLSA Collective and Rule 23 Classes;

   ii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   iii. Designation of Plaintiff Houston as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

   iv. An award for unpaid wages under the FLSA and NYLL, plus prejudgment interest;

   v. an award of liquidated damages in the amount of the unpaid wages;

   vi. an award of statutory penalties pursuant to NYLL 198,

   vii. Damages for retaliatory termination and hostile work environment claims.

   viii. A declaratory judgment that the actions, conducts, and practices of Defendants maliciously, willfully, and wantonly violated the New York Labor Law;

ix. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority, and other benefits of employment;

x. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

xi. An award of damages for any all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational harm and harm to professional reputation and loss of future earning capacity;

xii. An award of punitive damages;

xiii. An award of all available liquidated damages and statutory damages;

xiv. An award of costs that Plaintiff has incurred in this action, including, but not limited to, Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law;

xv. Prejudgment interest on all amounts due;

xvi. Such other and further relief as the Court may as this Court determines to be just and proper.

xvii. Attorney fees, costs, and interest.

xviii. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
January 3, 2025

                               **LAW OFFICE OF MOHAMMED GANGAT**

                               Mohammed Gangat, Esq.
                               675 3rd Avenue, Suite 1810
                               (718) 669-0714
                               mgangat@gangatllc.com

                               *Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*